STEVEN F. WELSCH, a.k.a. STEPHEN F. WELSCH, a.k.a. STEVE WELSCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Welsch v. Commissioner
Docket No. 26250-91
United States Tax Court
T.C. Memo 1993-544; 1993 Tax Ct. Memo LEXIS 562; 66 T.C.M. (CCH) 1385; November 22, 1993, Filed *562 Decision will be entered for respondent. For respondent: William B. McCarthy. JACOBS
JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(1)(A)
Sec. 6654
1984
$ 21,213
$ 10,607
$ 1,237
1985
28,071
14,036
1,018
1986
50,122
$ 37,591
2,199
1987
50,130
37,598
2,030
All section references are to the Internal Revenue Code in effect for years in issue. Petitioner failed to appear at trial. Several days prior to the scheduled trial date, he sent a letter to the Court in which he stated that he did not wish to prosecute his case. Because respondent has the burden of proof with respect to the fraud additions to tax under section 6653(b)(1) and section 6653(b)(1)(A), the case proceeded to trial without petitioner's being present. At trial, respondent's counsel recited numerous instances in which petitioner failed to comply with the Court's standing pre-trial order that the parties meet in order to discuss settlement and/or prepare a stipulation of facts. Counsel thereafter *563 moved to dismiss this case for failure to properly prosecute as to those items for which petitioner bears the burden of proof, namely the deficiencies, and the additions to tax under section 6654, for 1984, 1985, 1986, and 1987. Respondent's motion was granted. Thus, the sole issue for decision is whether petitioner is liable for the additions to tax for fraud. FINDINGS OF FACT Petitioner was a resident of Hollywood, Florida, on the date the petition was filed. During the course of an investigation of petitioner's failure to pay over the trust fund portion of employment taxes (as a responsible officer of Doughboy's, Inc.), a representative of the IRS' Collection Division in St. Louis, Missouri, discovered that petitioner failed to file individual income tax returns (Forms 1040) for 1984 and 1985. Because petitioner refused to comply with the Collection Division's request to file, the matter was referred to the IRS' St. Louis Examination Division, which initiated an audit of petitioner for these years. Within a relatively short time, the Examination Division determined that the matter was a potential criminal fraud case, and the matter was referred to the IRS' St. Louis Criminal *564 Investigation Division. The St. Louis Criminal Investigation Division initiated an investigation of petitioner for 1984 and 1985. This investigation culminated in a criminal indictment for tax evasion under section 7201 for both years. Petitioner pled guilty to one count of tax evasion (for the year 1985). As a result of his criminal plea, petitioner was sentenced to 3 months' imprisonment and 3 years' probation. Subsequent to the completion of the criminal investigation, petitioner's case was returned to the St. Louis Examination Division for resolution of the civil issues remaining for years 1984 and 1985. The audit was expanded to include years 1986 and 1987 when it was discovered that petitioner had failed to file income tax returns for those years as well. In the notice of deficiency, respondent determined that petitioner failed to report the following amounts of wage income from Adwork, Inc. (Adwork), an advertising agency of which petitioner was president: Year
Wage
1984
$ 66,623
1985
81,312
1986
12,100
After being contacted by the Collection Division in 1986, petitioner no longer drew a salary from Adwork. Rather, he received amounts from Adwork designated *565 as "loans". The amounts of the "loan" proceeds received by petitioner were $ 95,659 for 1986 and $ 55,407 for 1987. The IRS reclassified these purported loans as wages and increased petitioner's taxable income accordingly. As of January 1986, petitioner owned a house located at the Lake of the Ozarks, Missouri. The house was appraised in November 1985 in the amount of $ 165,000. Subsequent to his being contacted by the Collection Division, petitioner purportedly transferred his ownership in the house to Larry Geirer in exchange for an 80-percent stock ownership interest in Doughboy's, Inc., which operated a deli/restaurant. No corporation income tax returns were ever filed by Doughboy's, Inc. Notwithstanding the purported transfer of the Lake of the Ozarks house to Mr. Geirer, petitioner continued to list the house as an asset on his financial statements. In 1986 and 1987, petitioner drove a luxury automobile which was leased by Adwork for his personal use. Until February 1986, the lease payments on the automobile were deducted from petitioner's salary. When petitioner began receiving "loans" from Adwork, as opposed to a salary, petitioner stopped making the automobile lease *566 payments. Instead, the lease payments were made by the Company without reimbursement from petitioner. Respondent determined the fair rental value of the automobile to be $ 10,250 per year. In 1986, Adwork made 87-1/2 percent of the total annual lease payments; in 1987, Adwork made all the lease payments. Respondent determined that petitioner used the leased automobile exclusively for personal purposes. Consequently, respondent determined that petitioner's taxable income should be increased by $ 8,969 (87-1/2% x $ 10,250) for 1986 and $ 10,250 for 1987. For each of the years at issue, petitioner received interest income which he failed to report. For 1985, 1986, and 1987, petitioner had capital gains income which he failed to report. As previously noted, respondent determined that petitioner is liable for the addition to tax for fraud for 1984, 1985, 1986, and 1987. Oral testimony to support the tax fraud determination revealed: 1. Petitioner failed to file income tax returns for each of the 4 years involved, notwithstanding that he had substantial amounts of income for each year; 2. petitioner made numerous misleading and false statements to the revenue officer and agents *567 involved in these matters regarding the filing of his returns, his income, his employment status, and his ownership of various assets; 3. in 1986 and 1987, petitioner attempted to circumvent the collection process of the IRS by directing his company (Adwork) to reclassify his wages as loans; and 4. petitioner attempted to prevent the collection of taxes known to be owing by transferring his house to Larry Geirer for less than adequate consideration. In addition, for 1985, respondent argues that because petitioner pled guilty to a violation of section 7201 for that year, the doctrine of collateral estoppel applies. OPINION For years 1984 and 1985, section 6653(b)(1) provides that if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. As to 1986 and 1987, section 6653(b)(1)(A) provides that if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to the sum of 75 percent of the portion of the underpayment attributable to fraud. Fraud is defined as an intentional wrongdoing designed *568 to evade tax believed to be owing. ; , revg. ; . The Commissioner bears the burden of proving that a taxpayer is liable for the additions to tax for fraud by clear and convincing evidence. Sec. 7454(a). This burden is met by showing there is an underpayment of tax and that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. [1], affg. ; ; ; . *569 Here, for each of the 4 years at issue, there was an underpayment of tax; thus, the only question is whether such underpayments were due to fraud. The existence of fraud is a factual question to be decided upon a consideration of the entire record. ; . Fraud is never presumed but must be established by affirmative evidence. . Because direct proof of a taxpayer's intent is rarely available, fraud may be proven by circumstantial evidence. ; , affd. without published opinion . The taxpayer's entire course of conduct may establish the requisite fraudulent intent. ; ; . *570 Courts have relied on a number of indicia (or badges) of fraud in deciding civil tax fraud cases. Although no single factor is necessarily sufficient to establish fraud, the existence of several badges is persuasive evidence. Consistent and substantial understatements of large amounts of taxable income over a period of years have been held to be strong evidence of fraud. , affg. ; , affg. ; . However, the mere failure to report income is not sufficient to establish fraud. ; . Respondent has herein shown the existence of several indicia of fraud. Petitioner failed to file tax returns for 4 years; consequently, he failed to report substantial amounts of wages received from Adwork, as well as *571 interest income and capital gains income. Further, petitioner made false statements to the revenue officer and agents handling his case with respect to his filing of tax returns for years 1984-87, with respect to his income and employment status for these years, and with respect to his ownership of assets. These actions are indicative of an attempt by petitioner to evade the payment of income taxes known to be due and owing. . Viewing the record as a whole, we conclude respondent by clear and convincing evidence has proved that petitioner is liable for the additions to tax for fraud. It is apparent that behind petitioner's conduct lay a deliberate plan (for each of the 4 years involved) to both conceal the amount of his income and evade the payment of taxes known to be owing. Moreover, with respect to 1985, petitioner is collaterally estopped by his criminal conviction under section 7201 from denying that he willfully attempted to evade the tax for that year. See , affg. . *572 Accordingly, we sustain respondent's determination that petitioner is liable for the additions to tax for fraud under section 6653(b)(1) for 1984 and 1985 and under section 6653(b)(1)(A) for 1986 and 1987. To reflect the foregoing and the granting of respondent's motion to dismiss with respect to the deficiencies and additions to tax under section 6654, Decision will be entered for respondent. Footnotes
1. An underpayment for purposes of sec. 6653(b) equals the amount of tax imposed if a return is not filed on or before the last day prescribed for filing. Sec. 6653(c); sec. 301.6653-1(c)(1)(ii), Proced. & Admin. Regs.↩